

**U.S. Department of Justice**

*Tax Division*
*Northern Criminal Enforcement Section*

---

*Thomas Koelbl*
*Assistant Chief*
*Thomas.F.Koelbl@usdoj.gov*
*Evan Mulbry*
*Trial Attorney*
*Evan.C.Mulbry@usdoj.gov*

*150 M Street NE, 1st Floor*
*Washington, DC 20002*

March 18, 2025

RECEIVED
MAY 15 2025
ROBERT KIRSCH
U.S. DISTRICT JUDGE

Anthony Pope, Esq.
60 Park Place, Suite 1101
Newark, New Jersey 07102

        Re:    <u>Plea Agreement with Vito Pascarella</u>
                (25-CR-318-1)

Dear Counsel:

      This letter sets forth the plea agreement between your client, Vito Pascarella, and the Department of Justice's Tax Division ("this Office"). This offer will expire on **March 28, 2025, at 12:00pm Eastern Time**, if it is not accepted in writing by that time. If Pascarella does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charge</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Pascarella to a 1-Count Information, which charges Pascarella willfully aiding, assisting, procuring, counseling, or advising the preparation or presentation of a tax return in violation of 26 U.S.C. § 7206(2). If Pascarella enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Pascarella for 2014 through 2024.

      But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Pascarella even if the applicable statute of limitations period for those charges expires after Pascarella signs this agreement, and Pascarella agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 26 U.S.C. § 7206(2) to which Pascarella agrees to plead guilty in Count 1 of the Information carries a statutory maximum prison sentence of 3 years, a statutory maximum fine equal to the greater of $250,000 or twice the gross loss of the offense, a 1-year term of supervised release, the costs of prosecution, and a $100 special assessment. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Pascarella is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Pascarella ultimately will receive.

Further, in addition to imposing any other penalty on Pascarella, the sentencing judge as part of the sentence:

(1) will order Pascarella to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) may order Pascarella to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*/specific restitution statute, if applicable];

(3) may order Pascarella to pay the costs of prosecution;

(4) may require Pascarella to serve a term of supervised release of [not more than 1 year, which will begin at the expiration of any term of imprisonment imposed. Should Pascarella be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Pascarella may be sentenced to not more than 1 year's imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

Pascarella also agrees to pay restitution in the amount of $779,010 to the Internal Revenue Service ("IRS") under 18 U.S.C. § 3663(a)(3). The restitution amount shall be paid according to a plan established by the Court. If the Court orders Pascarella to pay restitution to the IRS, either directly as part of the sentence or as a condition of supervised release, the IRS will use the restitution order as the basis for a civil assessment. *See* 26 U.S.C. § 6201(a)(4). Pascarella does not have the right to challenge the amount of this assessment. *See* 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor Pascarella's timely payment of restitution according to that schedule will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Pascarella by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Pascarella's activities and relevant conduct with respect to this case.

Stipulations

This Office and Pascarella will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing

court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and Pascarella waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Immigration Consequences

Pascarella understands that, if Pascarella is not a citizen of the United States, Pascarella's guilty plea to the charged offense will likely result in Pascarella being subject to immigration proceedings and removed from the United States by making Pascarella deportable, excludable, or inadmissible, or ending Pascarella's naturalization. Pascarella understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Pascarella wants and agrees to plead guilty to the charged offense/offenses regardless of any immigration consequences of this plea, even if this plea will cause Pascarella's removal from the United States. Pascarella understands that Pascarella is bound by this guilty plea regardless of any immigration consequences. Accordingly, Pascarella waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Pascarella also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the Department of Justice's Tax Division and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Pascarella. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Pascarella from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between Pascarella and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

KAREN E. KELLY
ACTING DEPUTY ASSISTANT ATTORNEY
GENERAL

By:   Thomas F. Koelbl
      Assistant Chief

   I have received this letter from my attorney, Anthony Pope, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, registration consequences, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____      Date: 3/26/25
Vito A. Pascarella

   I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge/charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, registration consequences, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____      Date: 3/26/25
Anthony Pope, Esq.
Counsel for Defendant

Plea Agreement With Pascarella

Schedule A

1.  This Office and Pascarella recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2.  The version of the Guidelines effective November 1, 2024 applies in this case.

Count 1: Willfully Aiding or Assisting in the Preparation of a False Tax Return

3.  The applicable guideline is U.S.S.G. § 2T4.1. This guideline carries a Base Offense Level of 20 (tax loss greater than $550,000 but less than $1,500,000).

4.  2-point enhancement for being in the business of preparing tax returns

5.  As of the date of this letter, Pascarella has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Pascarella's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Pascarella enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that Pascarella's acceptance of responsibility has continued through the date of sentencing and Pascarella therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Pascarella's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

6.  Accordingly, the parties agree that the total Guidelines offense level applicable to Pascarella is 19 (the "Total Offense Level").

7.  The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

8.  If the term of imprisonment does not exceed 36 months, and except as specified in the next paragraph below, Pascarella will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a

motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 30 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

    9.    Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

    (a)    Any proceeding to revoke the term of supervised release.

    (b)    A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

    (c)    An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).